UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-03031-TWP-TAB |
| ) | |
| JACQUELYN GILBERT, ) | |
| BRENDA HINTON, ) | |
| K. GILMORE, ) | |
| FRANK VANIHEL, ) | |
| TAWNI TEMPLETON, ) | |
| I. RANDOLPH, ) | |
| STATE OF INDIANA, ) | |
| I.D.O.C., PRISON COMPLEX, ) | |
| ROBERT E. CARTER, JR., ) | |
| WELLINGTON, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

The Court previously granted Plaintiff Timothy Marcus Mayberry's motion to proceed in forma pauperis, therefore his Complaint is subject to screening. Mr. Mayberry is a prisoner presently incarcerated at Miami Correctional Facility ("Miami"). He filed this civil action based on circumstances that occurred while he was incarcerated at Wabash Valley Correctional Facility ("Wabash Valley").

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The Complaint alleges two First Amendment claims: a denial of access to court claim, and a retaliation claim. Mr. Mayberry explains that he was denied copies of his legal paperwork which impeded his access to court and that when he complained he was transferred from Wabash Valley to Miami in retaliation for filing a grievance and a tort claim. *Id.* During his transfer his legal work was destroyed, lost, or stolen. At the present, the defendants are denying him access to the courts by refusing to deliver his electronic law library files from Wabash Valley to Miami. These claims are brought pursuant to 42 U.S.C. § 1983. The complaint also alleges a list of purported state law claims including threatening, intimidation, theft, trespass, and assault. These state law claims are allegedly brought pursuant to this court's diversity jurisdiction, 28 U.S.C. § 1332.

Mr. Mayberry names two groups of defendants. The first group are employees at Wabash Valley. They include Jacquelyn Gilbert, Brenda Hinton, K. Gilmore, Frank Vanihel, Tawni Templeton, I. Randolph, and Wellington. The second group of defendants have statewide responsibilities. They include the State of Indiana, Indiana Department of Correction (IDOC) Commissioner Robert E. Carter, Jr., and IDOC/Prison Complex. Dkt. 2 at p. 1-2.

Mr. Mayberry's problems began on July 6, 2021, when Ms. Hinton and Ms. Gilmore began refusing to make legal copies for Mr. Mayberry. He requested and was denied legal copies on July 6, August 6 and 10, September 1 and 5, and October 6, 2021. Mr. Mayberry complained by filing letters and grievances to other named defendants employed at Wabash Valley, but corrective action was never forthcoming. Mr. Mayberry asserts that the denial of copies has resulted in the denial of access to the courts.

Mr. Mayberry alleges that he has been retaliated against for complaining about the denial of copies. Dkt. 2 at p. 3. In particular, Mr. Mayberry filed a grievance on these issues on October 6, 2021, and less than a week later, he was relocated to Miami. His legal work was not transported with him. His property arrived at Miami approximately four days after his arrival and was never inventoried. Dkt. 2 at p. 12. He discovered that his legal documents had been destroyed or were missing. He wrote to defendant Mr. Vanihel requesting his legal files from the Wabash Valley computer system but did not receive a response. As a result of Ms. Gilbert's refusal to deliver his legal files, "a pending cause of action I have in district court has been placed in [illegible]." Dkt. 2 at p. 13. He states that he cannot litigate his case without his legal files. He alleges he has missed deadlines "including a dipositive action in this court." Dkt. 2 at p. 13.

Mr. Mayberry seeks 10 million dollars. Dkt. 2 at p. 14. He also seeks injunctive relief ordering the defendants to cease retaliating for filing grievances about law library access.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, defendants K. Gilmore, Frank Vanihel, Tawni Templeton, I. Randolph, and Wellington must be **dismissed**. The only allegation against these defendants is that they were

notified that Mr. Mayberry was being denied copies but failed to correct the issue. These prison officials are dismissed because they simply processed or reviewed inmate grievances and lack personal involvement in the conduct forming the basis of the grievance. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). In addition, the failure to follow a state's inmate grievance procedures is not a federal due-process violation. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (affirming dismissal of similar claims at screening).

Second, State of Indiana, IDOC Commissioner Robert E. Carter, Jr., in his official capacity, and IDOC/Prison Complex are dismissed as defendants because they are entitled to sovereign immunity. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016). Likewise, "state officials in their official capacities are also immune from suit under the Eleventh Amendment." *Joseph*, 432 F.3d at 748. There are three exceptions to the Eleventh Amendment bar. *Nuñez*, 817 F.3d at 1044. First, a state may waive its sovereign immunity and consent to suit in federal court. Id. at 1044--46. Second, Congress may abrogate a state's sovereign immunity through an "unequivocal exercise" of valid legislative power through Section 5 of the Fourteenth Amendment. *Id*. Third, the Eleventh Amendment does not bar suits against state officials in their official capacities if the only relief sought is prospective injunctive relief for ongoing violations of federal law. *Nuñez*, 817 F.3d at 1044; *Ex Parte Young*, 209 U.S. 123, 159--60 (1908). These exceptions are not present under the facts alleged in the complaint.

Third, the denial of access to courts claim against Ms. Hinton and Ms. Gilbert lacks sufficient factual matter to state a claim for relief that is plausible on its fact. Courts have long recognized an inmate's right of meaningful access to courts, *see Bounds v. Smith*, 430 U.S. 817, 822–23 (1977); *Lehn v. Holmes*, 364 F.3d 862, 865–66 (7th Cir.2004), but that right is violated only when an inmate is deprived of access and suffers an injury as a result of the deprivation, see *Lewis v. Casey*, 518 U.S. 343, 349, (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009). Mr. Mayberry has not provided any factual allegations that demonstrate that the denial of the requested copies on July 6, August 6 and 10, September 1 and 5, and October 6, 2021, specifically hindered his ability to pursue nonfrivolous litigation. Such allegations are necessary. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (citing *Lewis*, 518 U.S. at 350; *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (holding that a prisoner must allege that "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation"); *Christopher v. Harbury*, 536 U.S. 403, 413–15 (2002). Although fact pleading is unnecessary, *see Pratt v. Tarr*, 464 F.3d 730, 731–32 (7th Cir. 2006), a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Mr. Mayberry's complaint does not articulate any such connection. Accordingly, the denial of access to court claim is dismissed.

Fourth, a defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009);

*Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). The complaint lacks any factual allegations upon which the Court could conclude any of the named defendants were responsible for Mr. Mayberry's transfer to Miami. And as to the Commissioner in his individual capacity, there are no allegations alleged against him that suggest he had any involvement in the misconduct alleged. Accordingly, claims against the Commissioner in his individual capacity are dismissed. Relatedly, the Complaint purports to bring state law claims of threatening, intimidation, theft, trespass, and assault. The factual basis for each of these claims was not set forth in the complaint.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through March 24, 2022, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 1:21-cv-3031-TWP-TAB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

IT IS SO ORDERED.

Date: 2/28/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY MARCUS MAYBERRY
170022
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only