UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY MARCUS MAYBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-03031-TWP-TAB |
| | ) | |
| JACQUELYN GILBERT, | ) | |
| BRENDA HINTON, | ) | |
| K. GILMORE, | ) | |
| FRANK VANIHEL, | ) | |
| TAWNI TEMPLETON, | ) | |
| I. RANDOLPH, | ) | |
| ROBERT E. CARTER, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting in Part Motion for Reconsideration
And Directing Issuance of Amended Judgment**

Plaintiff Timothy Marcus Mayberry's motion to reconsider the dismissal of this action was filed on January 9, 2023, which is within 28 days of the date judgment was entered in this action. Dkt. 23. It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure*. The motion to reconsider is **granted** to the extent that the Judgment is vacated and an Amended Judgment dismissing the state law claims without prejudice for lack of jurisdiction and dismissing the federal claims for failure to state a claim shall now issue. The motion to reconsider is **denied** in all other respects.

**I. Standard of Review**

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize

controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II. Discussion

First, Plaintiff seeks reconsideration of the dismissal of this action with prejudice. This request, dkt [23], is **granted**. The Judgment states that the action is dismissed with prejudice. Dkt. 22. An Amended Judgment consistent with the Order Screening Amended Complaint and Directing Entry of Final Judgment shall issue. Specifically, Mr. Mayberry's federal claims are DISMISSED for failure to state a claim upon which relief may be granted. The state law claims are DISMISSED for lack of jurisdiction. Dkt. 21 at 17.

Second, Plaintiff challenges the dismissal of his negligence claims under the Indiana Tort Claims Act ("ITCA"). He states that he was not pursuing a private cause of action under Title 11, Article 11 of the Indiana Code. Instead, he referenced those statutes only to identify the duty defendants owed to him. Dkt. 23 at p. 2.

This request for reconsideration is denied. The ITCA claims were not dismissed in the screening order. *See* dkt. 21. Instead, the Court held that "Mr. Mayberry's state law claims based on the failure to return the papers he submitted for copying do not meet the amount in controversy requirement for federal jurisdiction. It is clear beyond a legal certainty that Mr. Mayberry would under no circumstances be entitled to recover the jurisdictional amount. Accordingly, the state law claims are **dismissed** for lack of jurisdiction." *Id.* at 16. Plaintiff has not identified any error in this conclusion. Nor could he. Any compensatory damages to compensate him for the lost papers would be minimal

and the ITCA does not permit punitive damages. *See* Ind. Code Ann. § 34-13-3-4(b) ("A governmental entity or an employee of a governmental entity acting within the scope of employment is not liable for punitive damages."); *see also Mwangangi v. Nielsen*, 48 F.4th 816, 832 (7th Cir. 2022) (discussing ITCA's limitations on recovery).

### III. Conclusion

For the reasons stated above, the Motion to Reconsider, dkt [23], is **GRANTED in part and DENIED in part.** It is **granted** to the extent that the Judgment entered on January 3, 2023, is **vacated.** The Motion is **denied** in all other respects. An Amended Judgment reflecting that Mr. Mayberry's federal claims are DISMISSED for failure to state a claim upon which relief may be granted and that the state law claims are DISMISSED without prejudice for lack of jurisdiction shall now issue.

SO ORDERED.

Date: 1/13/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY MARCUS MAYBERRY
170022
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Bunker Hill, IN 46914-9810
Electronic Service Participant – Court Only